UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALCOLM PRESTON COOK,

     Plaintiff,

                                  Case No. 26-cv-12047

v.                              Honorable Linda V. Parker

ALLIED UNIVERSAL
SECURITY, RAYMOND
JAMES FINANCIAL, INC.,
and DAKOTA LOWE,

     Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT

**I.    INTRODUCTION AND BACKGROUND**

On June 18, 2026, Plaintiff filed a pro se civil rights Complaint and an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.  In the Complaint, Plaintiff alleges age and racial discrimination following incidents where he was called a racial slur and accused of sleeping at his post.  (ECF No. 1.) He claims federal subject matter jurisdiction based on a federal question.  (*See id*. at PageID.5.)  The Court is granting Plaintiff's IFP application.  Exercising the screening required under § 1915(e)(2)(B)(ii), because the Complaint fails to comply with Federal Rule of Civil Procedure 8, the Court is requiring Plaintiff to file an amended pleading.

**II.     LEGAL STANDARD UNDER 28 U.S.C. § 1915(e)(2)(B)(ii)**

When a complaint is filed IFP, the district court must conduct a summary review pursuant to § 1915(e)(2).  *See McGore v. Wrigglesworth*, 114 F.3d at 604-05 (6th Cir. 1997).  Upon review, the court must dismiss the action if it determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  The reviewing court must liberally construe a pro se pleading.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Rule 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought.  *See* Fed. R. Civ. P. 8(a).  A complaint must contain sufficient factual matter, that when accepted as true, "'state[s] a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)).  A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that each defendant is liable for the alleged misconduct.  *Id*. (citing *Twombly*, 550 U.S. at 556).  A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . . ."  *Twombly*, 550 U.S.

2

at 555.  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III.   APPLICATION OF § 1915(e)(2)(B)(ii)

Even when held to a less stringent standard, Plaintiff's Complaint fails to satisfy Rule 8.  As an initial matter, it is unclear who Plaintiff brings employment claims against.  Plaintiff discusses distinct incidents involving Allied Universal Security and Raymond James Financial but does not clarify which defendant was his employer or, if he had an employment relationship with both Defendants, when he was employed by each and what misconduct occurred with each employer.

There is an additional issue regarding the defendants Plaintiff intends to bring claims against.  The heading of his Complaint identifies the following: Allied Universal Security, Raymond James, and Dakota Lowe.  (ECF No. 1 at PageID.1.) However, in Section I.B of the form, he identifies only University Security and Raymond James Investments as Defendants.  (*Id*. at PageID.4.)  As discussed above, Plaintiff claims age and racial discrimination based on a hostile work environment and work hour reduction, and he describes conduct by Allied Universal Security and Raymond James (*see id*. at PageID.6-7), but he does not identify which corporate entity employed him, why both are sued, or claims against Lowe to hold him liable for the alleged misconduct.

3

As it relates to the discrimination Plaintiff alleges, it is unclear whether he is claiming a violation of federal law—liberally construed to likely be Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII")—and/or state law—liberally construed to be Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 ("ELCRA").  Notably, "an individual employee/supervisor, who does not qualify as an 'employer,' may not be held personally liable under Title VII."[1]  *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997).  In comparison, an individual can be held liable under Michigan's civil rights statute if the individual "is responsible for making personnel decisions."  *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 434 (6th Cir. 2012) (citations omitted).  Under ELCRA, a non-employer defendant can be liable if it "affected or controlled a term, condition, or privilege of the worker's employment."  *McClements v. Ford Motor Co.*, 702 N.W.2d 166, 174-75 (Mich. 2005).

Further, Plaintiff checked the box on the "Civil Cover Sheet" for a "Class Action Under Rule 23 F.R.Cv.P." (*id.* at PageID.12); however, liberally construing his Complaint, he does not allege any facts indicating the existence of other class members similarly situated.

---

[1] Title VII limits liability to employers with fifteen or more employees.  *See* 42 U.S.C. § 2000e(b).

4

Lastly, Plaintiff's current hand-written filing is difficult to read.  In his Amended Complaint, Plaintiff's factual allegations and identification of the statutes under which he brings his claims must be legible.

## IV.   CONCLUSION

For the reasons described above, the Court **GRANTS** Plaintiff's Application to Proceed *in Forma Pauperis*.

However, exercising the screening required under § 1915(e)(2)(B)(ii), **IT IS ORDERED** that **within twenty-one (21) days** of this Opinion and Order, Plaintiff shall file a legible amended complaint in compliance with Federal Rule of Civil Procedure Rule 8 to cure the deficiencies described above.[2]  The failure to file an amended pleading or the filing of an amended pleading which fails to state a claim against a defendant named therein may result in a dismissal of that defendant without further notice.  If Plaintiff does not identify a basis to sue Lowe as an individual subject to either Title VII or ELCRA in his Amended Complaint, Lowe

---

[2] The Court advises Plaintiff that the District's website contains information useful to pro se parties:  http://www.mied.uscourts.gov/.  Among the resources available is the University of Detroit Mercy Law School Federal Pro Se Legal Assistance Clinic and the District's Pro Se Case Administrator.

will be terminated as a party.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: June 23, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 23, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

6